'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINGFIELD CLINIC, LLP,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PRIMEX CLINICAL LABORATORIES, INC.,<br><br>　　Defendant. | CV 21-03595-RSWL-ASx<br><br>**ORDER re: MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM** [71] |
| PRIMEX CLINICAL LABORATORIES. INC.,<br><br>　　Third-Party Plaintiff,<br><br>　　v.<br><br>TBS BUSINESS SOLUTIONS USA INC.; and TEWODROS SAHILU,<br><br>　　Third-Party Defendants. | |

|    |                                              |
|----|----------------------------------------------|
| 1  | TBS BUSINESS SOLUTIONS USA INC.,             |
| 2  |                                              |
| 3  |     Counterclaim-Plaintiff, |
| 4  |     v.                   |
| 5  | PRIMEX CLINICAL LABORATORIES INC.; STUDEBAKER DEFENSE GROUP, LLC; GLENN HILL; TOM MARX; and ROES 1 to 10, |
| 6  |                                              |
| 7  |                                              |
| 8  |     Counterclaim-Defendants. |

Springfield Clinic, LLP ("Springfield") initiated this Action on April 28, 2021, against Primex Clinical Laboratories, Inc. ("Primex"). Primex then filed a third-party complaint ("Primex Complaint") against TBS Business Solutions USA Inc. ("TBS") on July 7, 2021. TBS then filed a third-party complaint against Glen Hill, Tom Marx, and Studebaker Defense Group, LLC (collectively, "Studebaker Defendants") on October 5, 2021. After the Court granted Studebaker Defendants' motion to dismiss TBS's third-party complaint, TBS amended its Answer to the Primex Complaint to include counterclaims against Studebaker Defendants. Currently before the Court is Studebaker Defendants' Motion to Dismiss TBS's First Amended Counterclaim (the "Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** the Motion.

///
///

2

# I. BACKGROUND

## A. Factual Background

Springfield is a multi-specialty physician practice that provides health care to the central Illinois community. Compl. ("Springfield Compl.") ¶ 6, ECF No. 1. Around April 2020, Springfield contracted with Primex, a clinical laboratory that provides diagnostic services, for Primex to provide Springfield with 1 million 3M-branded N95 masks. Id. ¶¶ 10-11.

Through April, May, and June of 2020, Primex entered into a series of transactions to purchase 1 million 3M masks from TBS, a supplier and distributor of various products. Third-Party Compl. ("Primex Compl.") ¶¶ 14, 17-18, ECF No. 14. TBS allegedly represented to Primex that it would give Primex priority in the allocation of masks because Primex was a first responder, and TBS could obtain 3M products quicker than any other wholesaler. Id. ¶ 18. Thus, Primex tendered the sum of $970,000 to TBS in exchange for 1 million 3M masks.[1] Id. ¶ 19. However, TBS failed to deliver masks to Primex sufficient to satisfy any of Primex's purchase orders. Id. ¶ 20. TBS satisfied only a portion of a purchase order in some instances, and it offered a

---

[1] Primex also ordered masks from TBS to fill purchase orders other than the Springfield purchase order. Id. ¶ 17. In particular, Primex placed an additional order with TBS for 1.5 million masks in exchange for $1,455,000. Id. Primex is seeking recovery from TBS for those additional orders in this suit as well, bringing its damages request to a total of $2,220,731.20. Id. ¶ 17 Table 1; id. Prayer for Relief.

1  substitute product to fill the order in others. Id.
2  ¶¶ 21, 23. TBS also refunded Primex a portion of the
3  money it had paid. Id. ¶ 22. However, Primex alleges
4  that TBS refuses to either perform its remaining
5  obligations under their contract or to refund Primex the
6  remaining balance it is owed. Id. ¶ 25.
7      Meanwhile, when TBS was unable to obtain 3M masks
8  through other suppliers, it sought to fulfill the Primex
9  order through Studebaker Defense Group, LLC
10 ("Studebaker"). TBS First Am. Countercl. to Primex
11 Compl. ("TBS FACC") ¶¶ 17-19, ECF No. 60. Studebaker
12 allegedly represented that it could supply TBS with 1
13 million Honeywell-branded masks by November 20, 2020,
14 and with 1.5 million Honeywell-branded masks by January
15 15, 2020. Id. ¶ 18. In reliance on this
16 representation, on October 19, 2020, TBS ordered 1
17 million masks from Studebaker at a cost of $960,000, to
18 be delivered on November 20, 2020 ("PO1"). Id. ¶ 19.
19 TBS cancelled pending orders it had placed with other
20 suppliers. Id. ¶ 20. On November 23, 2020, TBS learned
21 that Honeywell had informed Studebaker that PO1 may not
22 be fulfilled until as late as March 1, 2021. Id. ¶ 21.
23 TBS and Primex consequently entered into revised
24 purchase orders that reflected a later delivery date.
25 Id. ¶ 22. TBS paid Studebaker $960,000 for PO1 on
26 December 2, 2020. Id. ¶ 24.
27     On December 4, 2020, TBS ordered 1.5 million
28 Honeywell masks from Studebaker at a cost of $1,440,000,

to be delivered by January 15, 2021 ("PO2"). Id. ¶ 26. TBS paid Studebaker for PO2 on December 8, 2020. Id. After several discussions between TBS and Studebaker and a partial fulfillment of the order, however, Studebaker failed to supply TBS with masks sufficient to fill PO1 or PO2 by the specified dates. Id. ¶¶ 27-32. On April 16, 2021, Primex demanded that its revised orders with TBS be cancelled, and TBS requested that Studebaker cancel PO2 that same day. Id. ¶ 33. Studebaker then informed TBS that the outstanding mask deliveries for both PO1 and PO2 would soon be ready to ship. Id. ¶¶ 35. TBS did not receive these shipments, and on May 20, 2021, TBS reached out to Honeywell directly regarding PO1 and PO2. Id. ¶ 37. Honeywell allegedly informed TBS that it had fulfilled all of Studebaker's purchase orders. Id. TBS contends that Studebaker has delivered only $260,000 worth of masks and that TBS has thus suffered damages in excess of $2,180,000. Id. ¶¶ 58-59.

**B.   Procedural Background**

Springfield initiated this Action [1] on April 28, 2021, against Primex. Primex impleaded TBS and filed a third-party complaint ("Primex Complaint") [14] against TBS on July 7, 2021. TBS then impleaded Studebaker Defendants and filed a third-party complaint ("TBS Complaint") [29] against them on October 5, 2021. Studebaker Defendants moved to dismiss [49] the TBS Complaint on December 1, 2021. The Court granted [57] Studebaker Defendants' motion on January 6, 2022,

concluding that TBS had improperly joined Studebaker Defendants to this Action under Rule 14 of the Federal Rules of Civil Procedure. With its third-party complaint dismissed, TBS then amended [60] its Answer to the Primex Complaint on January 19, 2022, to include counterclaims ("FACC") against Studebaker Defendants that are nearly identical to the claims it had alleged against Studebaker Defendants in the TBS Complaint.

Studebaker Defendants filed the instant Motion to Dismiss [71] on March 29, 2022. TBS opposed [72] the Motion to Dismiss on April 5, 2022. Studebaker Defendants replied [73] on April 12, 2022.

## II. DISCUSSION

**A. Legal Standard**

1. Rule 13(h)

Rule 13(h) of the Federal Rules of Civil Procedure allows for new parties to be joined to an action by adding them to a counterclaim or crossclaim. However, courts have interpreted this rule to require that joinder of a new party be anchored to an existing counterclaim or crossclaim pleaded against an original party. See Hawkins v. Berkeley Unified Sch. Dist., 250 F.R.D. 459, 462 (N.D. Cal. 2008); see also 6 Wright & Miller, Federal Practice and Procedure § 1435 (3d ed. 2010) ("[A] counterclaim or crossclaim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party."). If this requirement is

met, then joinder of additional parties is proper if it satisfies the requirements of either Rule 19 or Rule 20. Fed. R. Civ. P. 13(h).

Rule 19 requires a person to be joined as a party if: (1) in that person's absence, the court cannot afford complete relief among existing parties; or (2) an absent party claims an interest relating to the subject of the action and resolving the action in that person's absence would harm either the absent party or an existing party. Fed. R. Civ. P. 19(a)(1). Rule 20, which governs permissive joinder, allows joinder of defendants where "any right to relief is asserted against them jointly, severally, or in the alternative . . . arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a).

2. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir. 1988) (citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support its claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**B.  Analysis**

1.  The Motion

Rule 13(h) of the Federal Rules of Civil Procedure provides that: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." The Court concludes that TBS's joinder of Studebaker Defendants through the FACC fails to satisfy the requirements of either Rule 19 or Rule 20. Studebaker

Defendants were thus improperly joined to this Action, and the Court **GRANTS** Studebaker Defendants' Motion on this basis.[2]

### i. Rule 19

Rule 19 sets forth the circumstances under which persons must be joined to a lawsuit as necessary parties. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 878 (9th Cir. 2004). "Under Rule 19(a), a party may be deemed 'necessary' in either of two ways." Id. at 879.

First, a person must be joined to an action where the court cannot accord complete relief among the existing parties in that person's absence. Fed. R. Civ. P. 19(a)(1)(A). This inquiry "is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." Altmann v. Republic of Austria, 142 F. Supp. 2d 1187, 1211 (C.D. Cal. 2001). Here, Primex seeks

---

[2] As an initial matter, the parties dispute whether Rule 13(h) contains an additional requirement. Studebaker Defendants argue that, in order to properly join a new party through a counterclaim, at least one counterclaim must be asserted against both an existing party and the nonparty. Studebaker Defs.' Mot. to Dismiss TBS FACC ("Mot.") 5:27-6:1, ECF No. 71. TBS, on the other hand, argues that counterclaims may be alleged against new parties so long as at least one separate counterclaim is also alleged against an existing party in the same pleading. TBS's Opp'n to Mot. ("Opp'n") 5:5-9, ECF No. 72. The parties rely on decisions with conflicting interpretations of Rule 13(h), none of which are binding upon this Court. See, e.g., AllTech Commc'ns, LLC v. Brothers, 601 F. Supp. 2d 1255 (N.D. Okla. 2008); Various Mkts., Inc. v. Chase Manhattan Bank, N.A., 908 F. Supp. 459 (E.D. Mich. 1995). However, the Court need not determine which interpretation is correct given TBS's failure to satisfy either Rule 19 or Rule 20.

relief against TBS for TBS's alleged breach of the Primex-TBS contracts. See Primex Compl. ¶¶ 26-66 (pleading breach of contract in Count 1 and all other claims in the alternative to Count 1). In its FACC, TBS seeks relief against Primex for Primex's alleged breach of the Primex-TBS contracts. See TBS FACC ¶¶ 46-51.

The parties can obtain complete relief on these claims without the addition of Studebaker Defendants to this Action. Studebaker Defendants were not parties to the Primex-TBS contracts, and their presence in this Action is therefore unnecessary to determine the rights afforded by those agreements. See Nat. Res. Def. Council v. Kempthorne, 539 F. Supp. 2d 1155, 1184 (E.D. Cal. 2008) (concluding that parties to a separate but related contract were not necessary parties to contract action because each contract was "a standalone and separate contract, the validity of which does not depend on whether other [contracts] are rescinded [or] invalidated").

Second, a person must be joined to an action where necessary to protect the person's legally cognizable interests or to prevent other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests. Fed. R. Civ. P. 19(a)(1)(B). Here, Studebaker Defendants have no legally cognizable interests that could be affected by the claims brought by Primex and TBS against one another. Those claims involve only the Primex-TBS

contracts, to which Studebaker Defendants were not a party, and the obligations those parties owed to one another, none of which involved Studebaker Defendants. Studebaker Defendants' interests are governed by the contracts between TBS and Studebaker only, which will be unaffected by the claims Primex and TBS have brought against one another. Therefore, joinder of Studebaker Defendants to this Action is not necessary to protect Studebaker Defendants' legal interests. See Disabled Rights Action Comm., 375 F.3d at 881 (holding that a party was not necessary to an action where a judgment in action would not affect party's contractual rights, even if judgment would lead that party to sue for breach to enforce those contractual rights).

    Similarly, no ruling in this case would pose a risk of inconsistent obligations amongst the parties. "The focus of Rule 19(a)(1)(B)(ii) is on inconsistent obligations, not inconsistent adjudications. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." Kempthorne, 539 F. Supp. at 1190 (internal quotation marks and citations omitted).

    Here, there is no risk of inconsistent rulings

because the outcome of TBS's claims against Primex and Studebaker Defendants are not dependent on one another. For example, a conclusion that TBS is liable to Primex based on the Primex-TBS contracts or transactions would not be inconsistent with a finding that Studebaker Defendants are not liable to TBS based on the TBS-Studebaker contracts or transactions.[3]  As the Court stated in its previous Order, the claims between Primex and TBS, on the one hand, and TBS and Studebaker Defendants, on the other, are completely independent. See Order re: Mot. to Dismiss 10:15-18, ECF No. 57 ("[E]ven if TBS is found to have breached its contract with Primex, it does not follow that Studebaker Defendants *must* be liable to TBS either in contract or in tort.").

Because Studebaker Defendants are not necessary parties under any of the definitions provided in Rule 19(a), Studebaker Defendants may not be properly joined to this Action pursuant to Rule 19.

### ii. Rule 20

A party seeking joinder under Rule 20 must assert:

---

[3] TBS argues that the relief sought by the parties is interrelated because, for example, if Studebaker Defendants are found liable for TBS's misrepresentation or conversion claims, then Primex's claims against TBS for conversion and unjust enrichment must fail. See Opp'n 7:21-8:1.  Plaintiff fails to explain why this is the case, as the liability between the parties are guided by two entirely separate sets of facts.  TBS's liability to Primex for conversion or unjust enrichment is dependent only on TBS's conduct during transactions with Primex, not on any wrongdoing committed by Studebaker Defendants.

"(1) a right to relief based on the same transaction or occurrence, and (2) a common question of law or fact with respect to all parties." Wynn v. Nat'l Broad. Co., Inc., 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002). Even if these requirements are satisfied, however, courts have discretion to refuse joinder after considering whether joinder comports with principles of fundamental fairness. Id.

Here, TBS's claims against Studebaker Defendants are not based on the same set of transactions or occurrences as the claims between TBS and Primex. The claims between TBS and Primex are based upon the Primex-TBS contracts and the statements made by those parties to one another, while TBS's claims against Studebaker Defendants are based on the statements and promises made by Studebaker Defendants both directly and through PO1 and PO2. See Order re: Mot. to Dismiss 9:22-11:4) (highlighting some of the differences between the facts relevant to each set of claims). The transactions giving rise to Studebaker Defendants' alleged liability are thus completely distinct from those giving rise to the alleged liability of either TBS or Primex. See Martinez v. Encore Credit Corp., 2009 WL 3233531, No. CV 09-5490 AHM (AGRx), at *2 (C.D. Cal. Sept. 30, 2009) (concluding that it was "obvious from the face of the Complaint" that joinder was improper because each claim involved different transactions with different parties and "numerous different factual circumstances"). The

fact that the agreements all involved the same desired product is insufficient given the distinctness of the parties' contracts and relationships.

TBS argues that joinder of Studebaker Defendants under Rule 20 is permissible because if TBS is held liable to Primex, it is because of Studebaker Defendants' failure to deliver goods and Studebaker Defendants will therefore owe TBS damages. Opp'n 9:6-9. This argument merely reiterates TBS's position that Studebaker Defendants should be held derivatively liable for TBS's liability to Primex, which the Court discussed at length and ultimately rejected in its previous Order. See Order re: Mot. to Dismiss 9:18-15:18. The FACC contains no new allegations that might establish derivative liability, so the Court declines to repeat its prior conclusions here.[4]

---

[4] TBS's reliance on Amalgamated Packaging Indus., Ltd. v. Nat'l Container Corp., 14 F.R.D. 194 (S.D.N.Y. 1953), to argue that Primex should be treated as TBS's principal or a third-party beneficiary of PO1 and PO2 is unpersuasive. In Amalgamated, the complaint specifically alleged that one of the plaintiffs was both the second plaintiff's principal and a third-party beneficiary to the contract between the second plaintiff and the defendant. Id. at 196. No such relationships were alleged here. See generally TBS FACC. Moreover, the contract between the two plaintiffs in Amalgamated included a promise to order and procure the desired product from the specifically named defendant. Id. at 195. This promise in the contract between the two plaintiffs to obtain the product from a particular source made the principal-agent and third-party beneficiary allegations plausible. Here, however, TBS did not promise Primex that it would obtain the masks from any particular source. See TBS FACC Ex. B, ECF No. 60-2. It is thus unclear how Primex could be considered a principal of TBS or a third-party beneficiary to TBS's dealings with Studebaker.

14

TBS's joinder attempt also fails under the second prong of the permissive joinder test because TBS's claim against Primex and its claims against Studebaker Defendants would require individualized attention. See Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (finding a lack of common questions of law or fact where each party's claim would require "personalized attention"). The Court recognizes that joinder rules are to be construed liberally to promote judicial efficiency, but that policy would not be furthered by adjudicating claims between separate parties under separate contracts within a single action. See Order re: Mot. to Dismiss ("[E]ach complaint describes an entirely distinct set of events and transactions that relate to one another only in the sense that they both involved purchase of the same type of product.").

Accordingly, the Court **GRANTS** Studebaker Defendants' Motion to Dismiss because TBS's joinder of Studebaker Defendants was improper under Rule 13(h).

2. Leave to Amend

"The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Against this liberal standard, the Court may consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party,

and/or futility." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

TBS has now had two attempts to plead facts showing that joinder of Studebaker Defendants to this Action is proper. TBS has failed to do so. Because TBS's claims against Primex and Studebaker Defendants involve distinct factual patterns and legal obligations, the Court finds that any further opportunity to amend would be futile. If TBS wishes to pursue its claims against Studebaker Defendants, it must do so through a separate action. See Hawkins, 250 F.R.D. at 463 (noting that although joinder was improper under Rule 13(h), counterclaimant was "not necessarily without any relief" because it could initiate a separate suit against counter-defendants). Therefore, the Court **GRANTS** Studebaker Defendants' Motion **without leave to amend** the FACC.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Studebaker Defendants' Motion to Dismiss **without leave to amend.** TBS's counterclaims alleged in the FACC against Studebaker Defense Group, LLC; Glenn Hill; and Tom Marx are hereby **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

DATED: April 29, 2022  /s/ Ronald S.W. Lew
         **HONORABLE RONALD S.W. LEW**
         Senior U.S. District Judge

16